**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4824**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

STERLING VERNARD GREEN,

Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, District Judge. (4:06-cr-01322-TLW)

Submitted:  May 18, 2009                    Decided:  July 7, 2009

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a four-day trial, Sterling Vernard Green was convicted by a jury of conspiracy to possess with the intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 (2000), and possession with the intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Green to concurrent terms of 252 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in denying Green's Fed. R. Crim. P. 29 motion for judgment of acquittal. Green has also filed a pro se supplemental brief. Finding no error, we affirm.

Rule 29 of the Federal Rules of Criminal Procedure provides that a district court must enter a judgment of acquittal where the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). We review a district court's denial of a Rule 29 motion for judgment of acquittal de novo. E.g., United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). "In conducting such review, we must uphold a jury verdict if there is substantial evidence, viewed in the light most favorable to the Government, to support it." Id. Substantial evidence is "evidence that a reasonable finder of

fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Further, both direct and circumstantial evidence are considered, and the government is permitted "all reasonable inferences that could be drawn in its favor." United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). The defendant "must carry an imposing burden to successfully challenge the sufficiency of the evidence." United States v. Martin, 523 F.3d 281, 288 (4th Cir. 2008) (citation omitted), cert. denied, 129 S. Ct. 238 (2008).

To prove conspiracy to possess with intent to distribute and to distribute cocaine base, the government must establish beyond a reasonable doubt that: (1) two or more persons agreed to possess with intent to distribute and to distribute the cocaine base; "'(2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy.'" United States v. Yearwood, 518 F.3d 220, 225-26 (4th Cir. 2008) (quoting Burgos, 94 F.3d at 857), cert. denied, 129 S. Ct. 137 (2008). The "gravamen of the crime is an agreement to effectuate a criminal act." Id. at 226 (internal quotation marks and alteration omitted). A defendant may be convicted of conspiracy without knowing all the conspiracy's details, as long as the defendant enters the

3

conspiracy understanding its unlawful nature and willfully joins in the plan on at least one occasion. Burgos, 94 F.3d at 858.

To prove possession with the intent to distribute cocaine base, the Government was required to establish beyond a reasonable doubt that Green: (1) knowingly; (2) possessed cocaine base; (3) with the intent to distribute it. Id. at 873. Possession may be actual or constructive. See United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). "A person has constructive possession of a narcotic if he knows of its presence and has the power to exercise dominion and control over it." United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985). Possession need not be exclusive, but may be joint and "may be established by direct or circumstantial evidence." Id. Intent to distribute may be inferred from a defendant's possession of drug-packaging paraphernalia or a quantity of drugs larger than needed for personal use. United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990). We have held that possession of a quantity of cocaine base slightly over five grams, when combined with testimonial evidence, is sufficient to support an inference of intent to distribute. United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996).

With these standards in mind, our thorough review of the trial transcript convinces us that Green was involved in "'a loosely-knit association of members linked . . . by their mutual

4

interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market'" – Florence, South Carolina. <u>Burgos</u>, 94 F.3d at 858 (quoting <u>United States v. Banks</u>, 10 F.3d 1044, 1054 (4th Cir. 1993)). Although "many conspiracies are executed with precision, the fact that a conspiracy is loosely-knit, haphazard, or ill-conceived does not render it any less a conspiracy—or any less unlawful." <u>Id.</u> We conclude that there was sufficient evidence to support the jury's verdict on the conspiracy count.

As to the possession count, our review of the record convinces us that Green had dominion and control over 40 or more grams of cocaine base packaged in a manner to suggest sale. The jury could infer Green's knowing possession of the cocaine base. The cocaine was found inside a jacket pocket that also contained Green's identification a bedroom identified as Green's and from which Green was observed exiting. We therefore conclude that there was sufficient evidence to support the jury's verdict on the possession count. Further, after review of Green's pro se supplemental brief, we conclude it raises no meritorious issues for appeal.

5

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal.[*] We therefore affirm the district court's judgment. This court requires that counsel inform Green, in writing, of the right to petition the Supreme Court of the United States for further review. If Green requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Green. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] This case was also held in abeyance for <u>United States v. Antonio</u>, No. 07-4791, 311 Fed. App'x 679. This court's decision in <u>Antonio</u> does not change our analysis of Green's appeal.